THOMAS M. BOEHM [SBN 63888]
LAW OFFICE OF THOMAS M. BOEHM
2 North Santa Cruz Avenue, Suite 211
Los Gatos, CA 95030-5900

TELEPHONE:      408.998.8899
FACSIMILE:      408.998.4848
EMAIL:          BOEHMTM@GMAIL.COM

ATTORNEY FOR PLAINTIFFS,
BERNARD PICOT and PAUL DAVID MANOS

MTN TO TRANSFER.OPPO.BRF.FINAL.wpd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERNARD PICOT and PAUL DAVID MANOS,<br><br>    Plaintiffs,<br><br>v.<br><br>DEAN D. WESTON, and DOES 1 through 15, inclusive,<br><br>    Defendants.<br>_____ | CASE NO.  5:12-CV-01939 EJD<br><br>MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO TRANSFER<br><br>Hearing date:  August 10, 2012<br>Hearing time:  9:00 am<br>Dept:  Courtroom 4, 5th Floor<br>Judge:  Hon. Edward J. Davila |

---

1  INTRODUCTION

1.1  Posture of the Case

Having set out a detailed factual summary in their brief in opposition to the motions to dismiss for lack of personal jurisdiction and improper venue, PLAINTIFFS will not repeat the same here, but rely on it and the supporting declarations of MANOS, PICOT, and Boehm.

1.2  The Instant Motion

In the event this Court determines the existence of jurisdiction over WESTON is proper and that venue lies here, WESTON moves to have this case transferred to the Eastern District of Michigan pursuant to 28 USC 1404.

2  ARGUMENT

2.1  The Legal and Procedural Criteria for Determining Transfer

If the action could have been brought there, 28 USC § 1404(a) permits transfers to another District,"For the convenience of parties and witnesses" or "in the interest of justice." A motion to transfer venue lies within the broad discretion of the district court, and must be determined on an individualized basis. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)), cert. denied, 531 U.S. 928, 121 S. Ct. 307, 148 L. Ed. 2d 246 (2000).

The burden of showing that transfer is appropriate is on WESTON [The Carolina Casualty Co. v. Data Broad. Corp., 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (Walker, J.)] to show that the transferee venue is clearly more convenient [Barnes & Noble, Inc. v. LSI Corp., 823 F. Supp. 2d 980 (N.D. Cal. 2011), citing In re Genentech, Inc., 566 F.3d 1338, 1342 (Fed. Cir. 2009)].

In considering transfer, the court assesses: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the

---

PICOT v WESTON, 5:12-CV-01939 EJD
MEMORANDUM OF POINTS & AUTHORITIES
IN OPPOSITION TO MOTION TO TRANSFER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 2 of 8

governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and, (8) the ease of access to sources of proof.  Jones v. GNC Franchising, Inc., supra, 211 F.3d 495, 498-99 (9th Cir. 2000).

### 2.2   Applying The Factors To This Case

In exercising its discretion whether to transfer pursuant to § 1404(a), the Court engages in an "individualized, case-by-case consideration of convenience and fairness." Barnes & Noble, Inc. v. LSI Corp., 823 F. Supp. 2d 980 (N.D. Cal. 2011).  In this case, such an assessment calls for retention of this action here.

#### 2.2.1   Where the Relevant Agreements Were Negotiated and Executed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [1/]

WESTON urges the existence of the ORAL AGREEMENT and states that it was entered into in Michigan in separate conversations he had with each of MANOS and PICOT there in 2009.  But, both PLAINTIFFS deny the existence of the ORAL AGREEMENT – and both establish that PICOT was never in Michigan in 2009.

In view of the conflict over whether the ORAL AGREEMENT exists at all, it cannot be said that it was entered into in Michigan.  In view of this factual dispute, it would be inappropriate to transfer this case to Michigan merely because WESTON says the ORAL AGREEMENT was created there.

Interestingly, none of the potential non-party witnesses listed by WESTON are

---

[1/] The term "executed" could mean signed, in which case it would have no bearing on an oral agreement.  Or, it could mean performed, in which event it would recommend retention of venue here in view of WESTON'S substantial engagement in California regarding the ORAL AGREEMENT he advocates.

---

described as able to give evidence of the creation of the ORAL AGREEMENT.  WESTON apparently recognizes that only he and the two PLAINTIFFS can give competent evidence on that point.  This case should not be transferred to suit merely WESTON'S convenience as a witness to the existence of a highly disputed agreement – on a substantial subject – not reduced to writing.

And, WESTON conspicuously admits that <u>only</u> he and Tracy Coats can provide evidence on WESTON'S alleged tortious interference with the CONTRACT.  Thus, WESTON can legitimately point to only one third party witness – from Ohio, not Michigan.

In view of the parties' factual dispute over the existence of the ORAL AGREEMENT and the identification of only one witness for WESTON on the tort claim, transfer should be denied. [2]

### 2.2.2 The State That Is Most Familiar with the Governing Law

In <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 11 L. Ed. 2d 945, 84 S. Ct. 805 (1964), the Supreme Court held that where a transfer under 1404 is granted at the behest of a defendant, the transferee court must follow the choice-of-law rules of the transferor court.

As a federal court exercising its diversity jurisdiction, this Court applies the substantive law of California, including its choice-of-law rules.  <u>Muldoon v. Tropitone Furniture Co.</u>, 1 F.3d 964, 965-966 (9th Cir. Cal. 1993).  California courts apply the governmental interest analysis [<u>Kearney v. Salomon Smith Barney, Inc</u>., 39 Cal. 4th 95, 45 Cal. Rptr. 3d 730, 137 P.3d 914, 917 (Cal. 2006)] under which the Court first examines the substantive law of each jurisdiction to determine whether they differ for the relevant claim [<u>Liew v. Official Receiver</u>

---

[2] As pointed out at footnote 12 of the MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, WESTON has already contradicted himself in conflicting declarations on whether he developed the technology or learned it from MANOS.  His assertion of the existence of the ORAL AGREEMENT is thus subject to some doubt.

---

1  and Liquidator, 685 F.2d 1192, 1196 (9th Cir. 1982)]. If the laws do differ, the Court determines whether a "true conflict" exists in that each of the jurisdictions has an interest in having its law applied. If only one jurisdiction has a legitimate interest, there is a "false conflict" and the law of the interested jurisdiction is applied. If more than one jurisdiction has a legitimate interest, the Court moves to the third stage of the analysis, which focuses on the "comparative impairment" of the interested jurisdictions. At this 3rd stage, the court seeks to identify and apply the laws of the state whose interest would be the more impaired if its law were not applied. Am. Ins. Co. v. Am. Re-Insurance Co., 2006 U.S. Dist. LEXIS 95801, 9-11 (N.D. Cal. Nov. 27, 2006).

There is no conflict between Michigan and California law at all on the declaratory relief count. [3/] Hence, California law applies to that claim.

And, if there is a difference between California and Michigan law on the tort of intentional interference with contract as WESTON urges, this difference presents a "false conflict" because Michigan does not have an interest in having its law applied. Though Michigan may have a more rigorous burden for recovery for intentional interference with contract than does California, Michigan does not have any policy of protecting its residents from responsibility for intentional harm that they cause to foreigners, here California and Nevada residents, via effects intentionally directed at those locales – even if they perpetrate that harm from Michigan. Michigan's interest in protecting WESTON from the injury he inflicted outside of Michigan's borders, if any, is greatly weakened because WESTON

---

[3/] California Civil Code § 1550 defines the elements of a contract as consisting of: 1. Parties capable of contracting; 2. Their consent; 3. A lawful object; and, 4. A sufficient cause or consideration.

In Michigan, these elements are stated in five essentials: 1. competent parties, 2. proper subject matter, 3. legal consideration, 4. mutuality of agreement (offer and acceptance), and 5. mutuality of obligation. Hess v Cannon Township, 265 Mich App 582, 592, 696 NW2d 742 (2005).

concedes he also furthered his tort from Ohio. [WESTON Dismissal Declaration, ¶ 7: "I also met with Mr. Coats in Ohio ... All of my communications and interactions with Mr. Coats have taken place either in Michigan or Ohio."]

On the other hand, "California maintains a strong interest in providing an effective means of redress for its residents [who are] tortiously injured." Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1200 (9th Cir. 1988). [4/] Thus, only California has a legitimate interest in the application of its rule of decision. There is, then, a "false conflict" and the law of California should be applied.

Thus, if this case remains here – and, ironically, even if it is transferred to Michigan -- the sitting Court will be constrained to apply and follow California law. Van Dusen v. Barrack, supra. Since this Court would most likely be more familiar with California law than would a Michigan Court, this factor favors retention of the case here.

### 2.2.3 The Plaintiff's Choice of Forum

Though not controlling, a plaintiff's choice of forum should be afforded deference. See Barnes & Noble, Inc. v. LSI Corp., 823 F. Supp. 2d 980 (N.D. Cal. 2011), citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

### 2.2.4 The Respective Parties' Contacts with the Forum

Here: [i] WESTON knew MANOS and PICOT were residents of Nevada and California, not Michigan, when he created continuing obligations with them, which included two trips here in 2010 where he performed services in exchange for payment, and when he later disrupted the CONTRACT, from both Michigan and Ohio; [ii] WESTON'S presumed defense to the tort count [justification] will be based on the ORAL AGREEMENT and, again, necessarily involves his activities in California; and, [iii] the CONTRACT WESTON knowingly

---

[4/] California has also long protected its residents by recognizing a claim for civil extortion. TaiMed Biologics, Inc. v. Numoda Corp., 2011 U.S. Dist. LEXIS 48863, 15-17 (N.D. Cal. Apr. 28, 2011).

---

disrupted was negotiated and signed in California and generated income for a California resident – and no party to the CONTRACT is a resident of or domiciled in Michigan.

### 2.2.5 Contacts Relating to the Plaintiff's Cause of Action in the Forum

As mentioned in the preceding section, WESTON has more than sufficient claim related contacts in the forum.

### 2.2.6 Differences in the Costs of Litigation in the Two Forums

The cost of litigating in Michigan or California is not known to be appreciably different, though each side would of course prefer their home ground. This factor is evenly balanced.

### 2.2.7 Availability of Compulsory Process

As mentioned in the MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, witnesses and evidence for this case are located in a number of places: Germany, Mexico, Australia, China, California Nevada, Texas, Michigan, and Ohio. Hence, both this Court and the District of Michigan are equally well – or ill – suited to compel witnesses and evidence. This factor does not support transfer.

### 2.2.8 Ease of Access to Sources of Proof

Because the witnesses and evidence are spread so widely, neither this Court nor the District of Michigan is better or worse on this factor, which therefor does not support transfer.

### 2.3 WESTON Has Failed To Meet This Burden

WESTON fails to show that the Eastern District of Michigan is "clearly more convenient" than this Court, chosen by the plaintiff. As noted in Barnes & Noble, Inc. v. LSI Corp., 823 F. Supp. 2d supra, 980 (N.D. Cal. 2011), transfer under 1404 is inappropriate when it would merely move inconvenience from one party to the other. [5/] See also Kahn v.

---

[5/] Barnes & Noble, Inc. quoted from Van Dusen v. Barrack, supra, 376 U.S. 612, 646, that "Section 1404(a) provides for transfer to a more convenient

(continued...)

Gen. Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989) ["A transfer is inappropriate when it merely serves to shift inconveniences from one party to the other."].

### 3   CONCLUSION

Transferring this case to the Eastern District of Michigan would not accomplish greater, only different, convenience.

The motion should be denied.

DATED:   May 9, 2012                       /s/ THOMAS M. BOEHM

_____
THOMAS M. BOEHM
Attorney for PLAINTIFFS, BERNARD PICOT
and PAUL DAVID MANOS

---

[5/](...continued)
forum, not to a forum likely to prove equally convenient or inconvenient."

---

PICOT v WESTON, 5:12-CV-01939 EJD
**MEMORANDUM OF POINTS & AUTHORITIES**
**IN OPPOSITION TO MOTION TO TRANSFER**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Page 8 of 8**