THOMAS M. BOEHM [SBN 63888]
LAW OFFICE OF THOMAS M. BOEHM
2 North Santa Cruz Avenue, Suite 211
Los Gatos, CA 95030-5900

TELEPHONE:     408.998.8899
FACSIMILE:     408.998.4848
EMAIL:         BOEHMTM@GMAIL.COM

ATTORNEY FOR PLAINTIFFS,
BERNARD PICOT and PAUL DAVID MANOS

MTN TO DISMISS.OPPO.EVI.wpd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERNARD PICOT and PAUL DAVID MANOS, <br><br> Plaintiffs, <br><br> v. <br><br> DEAN D. WESTON, and DOES 1 through 15, inclusive, <br><br> Defendants. | CASE NO. 5:12-CV-01939 EJD <br><br> OBJECTION TO REPLY EVIDENCE ON MOTION TO DISMISS <br><br> LOCAL CIVIL RULE 7-3(d)(1) <br><br> Hearing date:  August 10, 2012 <br> Hearing time:  9:00 am <br> Dept:          Courtroom 4, 5th Floor <br> Judge:         Hon. Edward J. Davila |

On the grounds set out below, PLAINTIFFS, BERNARD PICOT and PAUL DAVID MANOS, object to and move to strike the indicated evidentiary proffer/s filed by DEAN WESTON in support of his MOTION TO DISMISS.

| OBJ. | MATERIAL OBJECTED TO | GROUND/S FOR OBJECTION & MOTION TO STRIKE |
|---|---|---|
| 1 | The entirety of the:<br><br>FURTHER DECLARATION OF DEAN WESTON IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ADN/OR FOR IMPROPER VENUE<br><br>[Hereinafter the "WESTON REPLY DISMISSAL DECLARATION."] | The Declaration was:<br><br>~ Not mentioned in the Notice of Motion as a basis for the motion/s it purports to support;<br><br>~ Not specified in the application for further time to file reply briefs submitted by DEFENDANT [DKT 18]; and,<br><br>~ Filed despite an Order from this Court [DKT 21] allowing further time only for the filing of a "Reply Brief on the Motion to Dismiss pursuant to Rule 12(b)(2) and (3) and on his Motion for Transfer of Venue under 28 U.S.C. § 1404(a)." |
| 2 | WESTON REPLY DISMISSAL DECLARATION, at its ¶ 3, stating:<br><br>... During these conversations Mr. Manos said that he had authority from Bernard Picot to enter into the agreement on behalf of both of them. | HEARSAY; LACK OF FOUNDATION.<br><br>Federal Rules of Evidence, Rule 802.<br><br>The statement segues from WESTON'S abandonment of his testimony (in his opening declaration) that PICOT entered into the ORAL AGREEMENT while in Michigan in 2009 and is being offered against PICOT to show that, via a supposed agency he conferred upon MANOS, PICOT entered into the ORAL AGREEMENT in Michigan in 2009 though not present there.<br><br>But, the statement is hearsay and there is no showing of MANOS' authority or agency – or its scope – so as to invoke the exception of Fed. R. Evid. 801(d)(2)(C) or (D) [for authorized admissions]. It is WESTON'S burden to make such a showing. Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1440 (9th Cir. Idaho 1990);<br><br>[continued ...] |

| OBJ. | MATERIAL OBJECTED TO | GROUND/S FOR OBJECTION & MOTION TO STRIKE |
|---|---|---|
|  |  | Harris v. Itzhaki, 183 F.3d 1043, 1054 (9th Cir. 1999) (citing Breneman v. Kennecott Corp., 799 F.2d 470, 473 (9th Cir. 1986)); see also United States v. Chang, 207 F.3d 1169, 1176 (9th Cir.), cert. denied, 531 U.S. 860, 148 L. Ed. 2d 98, 121 S. Ct. 148 (2000).<br><br>When a court evaluates whether a foundation has been established, the statement "does not by itself establish" authority or the existence or scope of an agency. Fed. R. Evid. 801(d)(2). |
| 3 | The WESTON REPLY DISMISSAL DECLARATION, at its ¶ 5, stating:<br><br>... I signed the [Non-Disclosure Agreement with DBHS] in reliance on those promises. | PAROL EVIDENCE.<br><br>This Court applies the pertinent state's parol evidence rule. Jinro Am. Inc. v. Secure Invs., Inc., 266 F.3d 993, 998-99 (9th Cir. 2001).<br><br>WESTON contends that the ORAL AGREEMENT he urges was created in February 2009 and admits he signed the NDA in February 2010. The NDA calls for application of Nevada law and contains a consent to jurisdiction and venue there [PDM, Ex "A," ¶ 9]. WESTON does not assert that the NDA, which contains an integration clause [PDM, Ex "A," ¶ 13], is ambiguous.<br><br>If the ORAL AGREEMENT had been created as claimed by WESTON, it would have come prior to and would contradict the NDA, which provides that the parties are entering into the NDA "in the course of discussions regarding the **potential** strategic relationship." [PDM, Ex "A," p. 1, "Preliminary Statement," emphasis added].<br><br>Nevada's parol evidence rule excludes evidence of prior and contemporaneous oral agreements – or negotiations – that vary or contradict the terms of a written agreement. Kaldi v. Farmers Ins. Exch., 21 P.3d 16, 21-22 (Nev. 2001). In Nevada admissibility of evidence of extrinsic oral agreements is limited to situations where the written contract is "silent" on the subject of the oral agreement and the oral agreement is "not inconsistent" with the written contract. Id.<br><br>[continued ...] |

| OBJ. | MATERIAL OBJECTED TO | GROUND/S FOR OBJECTION & MOTION TO STRIKE |
|---|---|---|
|  |  | Here, the NDA is not silent on the existence of the separate ORAL AGREEMENT; it specifically states any agreement has yet to be formed – thus making the alleged prior ORAL AGREEMENT inconsistent with the NDA. |
| 4 | The WESTON REPLY DISMISSAL DECLARATION, at its ¶ 12, stating:<br><br>I am informed and believe that Plaintiffs have received already $1.2 Million from HMR. | HEARSAY.<br><br>Federal Rules of Evidence, Rule 802. |
| 5 | The WESTON REPLY DISMISSAL DECLARATION, at its ¶ 14, stating:<br><br>Until Plaintiffs filed their lawsuit, at no time during my relationship with Mr. Manos and Mr. Picot regarding the Technology did I ever understand or believe that our venture was related to California. | IRRELEVANT.<br><br>Federal Rules of Evidence, Rule 402.<br><br>For jurisdictional analysis of PLAINTIFFS' tort claim, purposeful direction is shown by WESTON'S undisputed intentional disruption of the HMR CONTRACT. WESTON'S relevant intent is that to perform the tortious act of disrupting the CONTRACT, expressly aimed at a known resident of California. Mavrix Photo, Inc. v. Brand Techs., Inc., 2011 U.S. App. LEXIS 16326, 21-22 (9th Cir. Cal. 2011). WESTON'S subjective understanding whether "our venture was related to California" is irrelevant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 806 (9th Cir. 2004).<br><br>Though pendent jurisdiction supports jurisdiction for the declaratory relief claim, under an independent jurisdictional analysis of PLAINTIFF'S declaratory relief claim, purposeful availment is shown by evidence that WESTON:<br><br>[a]   Availed himself of the privilege of doing business in California by taking "deliberate action" here in furtherance of the ORAL<br>[continued ...] |

| OBJ. | MATERIAL OBJECTED TO | GROUND/S FOR OBJECTION & MOTION TO STRIKE |
|---|---|---|
| | | AGREEMENT he advocates; <u>and/or</u>,<br><br>[b]   Created continuing obligations to a known California resident.  <u>Ballard v. Savage</u>, 65 F.3d 1495, 1498 (9th Cir. 1995).<br><br>WESTON'S subjective – and unexpressed – understanding of whether "our venture was related to California" is irrelevant.  <u>Schwarzenegger v. Fred Martin Motor Co</u>., 374 F.3d 797, 806 (9th Cir. 2004). |

DATED:  May 27, 2012        /S/ THOMAS M. BOEHM
_____
THOMAS M. BOEHM
Attorney for PLAINTIFFS, BERNARD PICOT
and PAUL DAVID MANOS